IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SOPHIA'S CURE INC. a/k/a SOPHIA'S CURE FOUNDATION, | : : : | |
| | : | Case No. 2:16-cv-00865 |
| Plaintiff, | : : | Judge Watson |
| v. | : : | Magistrate Judge Deavers |
| AVEXIS, INC., et al., | : : | |
| Defendants. | : | |

### DEFENDANT BRIAN KASPAR'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant Brian Kaspar, Ph.D. moves this Court for an Order, pursuant to Fed. R. Civ. P. 12(b)(6), dismissing Plaintiff's First Amended Complaint because it fails to state a claim upon which relief can be granted. The grounds supporting Dr. Kaspar's Motion to Dismiss are set forth in the accompanying Memorandum in Support.

Respectfully submitted,

*/s/ Roger P. Sugarman*
Roger P. Sugarman  (0012007)
Jason H. Beehler     (0085337)
KEGLER, BROWN, HILL + RITTER
A Legal Professional Association
1800 Capitol Square
65 East State Street
Columbus, Ohio  43215
Telephone:  (614) 462-5400
Facsimile:  (614) 464-2634
rsugarman@keglerbrown.com
jbeehler@keglerbrown.com

*Attorneys for Defendant Brian Kaspar*

**MEMORANDUM IN SUPPORT OF DEFENDANT BRIAN KASPAR'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**I.      INTRODUCTION**

The facts relevant to a determination of each defense Motion to Dismiss the First Amended Complaint ("FAC") are fully set forth in the Memoranda in Support filed by the Nationwide Children's Hospital ("NCH") defendants and by the AveXis, Inc. ("AveXis") defendants.  To avoid unnecessary duplication, Dr. Kaspar incorporates by reference, as if fully restated herein, the Factual Backgrounds contained in the NCH and AveXis memoranda.

Plaintiff's sole claim against Dr. Kaspar (and against AveXis), alleged in Count II of the First Amended Complaint, is that he (they) tortiously interfered with the Donation Agreement between the plaintiff and Nationwide Children's Hospital Foundation. (FAC ¶¶ 103-109, Count II)  The speculative and conjectural nature of the conclusory allegations contained in the First Amended Complaint fail to satisfy the legal standard required to state a claim upon which relief can be granted against Dr. Kaspar for tortious interference with the Donation Agreement.

**II.     STANDARD OF REVIEW**

A claim must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Bricker v. R & A Pizza, Inc.*, 804 F. Supp. 2d 615, 617 (S.D. Ohio 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,570 (2007)). "Plausibility…asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*.  A complaint's factual allegations "must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bricker* at 618 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555-56).

While a court must "construe the complaint in the light most favorable to the plaintiff, *Bricker* at 618 (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir.2002), the plaintiff

must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Bricker* at 618 (quoting *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S.Ct. at 1949). Here, the First Amended Complaint fails to state a plausible claim for tortious interference for several reasons, and its failure to do so compels its dismissal.

### III. THE CLAIM OF TORTIOUS INTERFERENCE AGAINST DR. KASPAR FAILS TO RAISE A RIGHT TO RELIEF ABOVE THE SPECULATIVE LEVEL

In order for the plaintiff to recover for a claim of intentional interference with a contract, Ohio law requires that plaintiff prove (1) the existence of a contract [the Donation Agreement between plaintiff and the NCH Foundation], (2) the wrongdoer's [Dr. Kaspar's] knowledge of the contract, (3) the wrongdoer's [Dr. Kaspar's] intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damages. *Kenty v. Transamerica Premium Ins. Co.*, 72 Ohio St. 3d 415, 650 N.E.2d 863 (1995).[1]

*Twombly* and *Iqbal* establish that, "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim upon which relief can be granted. *Bricker* at 618 (quoting *Iqbal*). In order for a complaint to withstand scrutiny under Fed.R.Civ.P. 12(b)(6), the court must be able to draw from the complaint "a reasonable inference that defendants are liable for the misconduct alleged." *Gavitt v. Born*, Nos. 15-2136/2434, (6th Cir. Sept. 01, 2016) (citing *Iqbal*, 556 U.S. at 678). Here, however, the entirety of plaintiff's claim against Dr. Kaspar consists solely of the very type of conclusory statements that *Iqbal*, *Twombly*, and their progeny have repeatedly held to be insufficient, as a matter of law, to state a claim for relief.

---

[1] The NCH and AveXis defendants are moving separately to dismiss the First Amended Complaint. Dr. Kaspar adopts and incorporates by reference all arguments set forth in those defendants' Memoranda in Support of their respective Motions to Dismiss to the extent they are applicable.

From what few facts that are alleged in the First Amended Complaint, one cannot reasonably infer that Dr. Kaspar is liable for tortious interference with the Donation Agreement. Although the boilerplate elements of the claim are indeed recited in Count II (FAC ¶¶ 123-128), there is no "further factual enhancement" to push the tortious interference claim against Dr. Kaspar into the realm of plausibility. *Bricker, supra,* 804 F. Supp.2d at 618 (quoting *Twombly*, 550 U.S. at 557).

Even though plaintiff has now amended its Complaint, the deficiencies that were identified in Dr. Kaspar's previously-filed Motion to Dismiss (Doc. #: 26) have not been cured. Instead, the allegations of that Complaint which attempted to establish Dr. Kaspar's "knowledge" of the Donation Agreement and his "intentional procurement" of the Donation Agreement's breach in the following allegations (which in reality are nothing more than conclusions), are simply repeated verbatim in the First Amended Complaint:

- Dr. Kaspar met the Gaynors (Compl. ¶ 29);

- Dr. Kaspar is on the faculty at the Research Institute, and is Chief Scientific Officer, SVP, Scientific Founder, and Member of the Board of Directors at AveXis (Compl. ¶ 29);

- Dr. Kaspar developed a friendly relationship with the Gaynors (Compl. ¶ 31);

- Dr. Kaspar forwarded to Vincent Gaynor an email drafted by Adam Bevan (Compl. ¶ 38);

- Dr. Kaspar updated Vincent and Catherine Gaynor on his clinical work (Compl. ¶¶ 39, 47, 48);

- Dr. Kaspar introduced Vincent Gaynor to AveXis's CEO, Mr. Carbona (Compl. ¶ 49);

- Dr. Kaspar praised the role Vincent Gaynor had played in the development of scAAV9 (Compl. ¶ 57);

4

- Dr. Kaspar—along with AveXis, the NCH Entities, and Carbona—has "illegally recouped" the cost of development by capturing all revenues for scAAV9 (Compl. ¶ 73); and,

- Dr. Kaspar "refuses to give SCF any recognition" and has "broken all ties with the Gaynors" (Compl. ¶ 95)

Dr. Kaspar's Motion to Dismiss pointed out that these legal conclusions couched as factual allegations did nothing more than offer the "sheer possibility" that Dr. Kaspar had acted unlawfully. Yet *Iqbal* and *Twombly* instruct that pleadings of this nature are deficient as a matter of law. Despite having had the opportunity to cure those deficiencies through revision by voluntary amendment, Count II of the plaintiff's First Amended Complaint has failed to raise the right to relief against Dr. Kaspar for his alleged tortious interference with the Donation Agreement above the speculative level.

To the largely conclusory and groundless claim against Dr. Kaspar found in the allegations of the original Complaint, the plaintiff has added the following to the First Amended Complaint—allegations without factual enhancement to render them plausible, rather than possible:

- Dr. Kaspar received an email from Arthur Scott. (FAC ¶ 47);

- Dr. Kaspar received a copy of the Donation Agreement (FAC ¶¶ 48, 53, 67);

- Dr. Kaspar received another email, this time from Vincent Gaynor, to which Dr. Kaspar then replied (FAC ¶¶ 50-51);

- Dr. Kaspar was aware of the Donation Agreement and its terms (FAC ¶ 52);

- Dr. Kaspar provided the IND to an SCF Donor (FAC ¶ 59);

- Dr. Kaspar made the IND public (FAC ¶ 59);

These "new" allegations provide no facts to establish that Dr. Kaspar "intentionally procured a breach of the Donation Agreement." They do not permit this Court to draw "a reasonable inference" that Dr. Kaspar is liable for the misconduct alleged. The plaintiff provides no factual allegations to support the threadbare legal conclusion that Dr. Kaspar, "intentionally

5

and unjustifiably induced NCH, the Foundation, and the Research Institute to breach the Donation Agreement by becoming Sponsor of the IND on October 14, 2015." (FAC ¶ 125.) Further absent from the First Amended Complaint are factual allegations to support the similarly threadbare legal conclusion that, "Due to [Kaspar's] interference, NCH, the Foundation, and the Research Institution breached the Donation Agreement by naming AveXis the Sponsor" as a result of Dr. Kaspar's alleged interference. (FAC ¶ 126.)

## IV. CONCLUSION

The "well-pleaded facts [of the First Amended Complaint] do not permit the court to infer more than the mere possibility of misconduct" on the part of Dr. Kaspar. *Iqbal*, 556 U.S. at 679. The factual allegations, even construed most favorably for the plaintiff, do not raise the claimed right to relief above the "speculative level"

For all these reasons, the First Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted against Dr. Kaspar.

Respectfully submitted,

*/s/ Roger P. Sugarman*
Roger P. Sugarman  (0012007)
Jason H. Beehler     (0085337)
KEGLER, BROWN, HILL + RITTER
A Legal Professional Association
1800 Capitol Square
65 East State Street
Columbus, Ohio  43215
Telephone:  (614) 462-5400
Facsimile:  (614) 464-2634
rsugarman@keglerbrown.com
jbeehler@keglerbrown.com

*Attorneys for Defendant Brian Kaspar*

6

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing DEFENDANT BRIAN KASPAR'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT AND MEMORANDUM IN SUPPORT was filed with the Clerk of Courts, via the CM/ECF system, on the 19th day of December, 2016, which will send email notification of such filing to all counsel of record in this action.

*/s/ Roger P. Sugarman*
Roger P. Sugarman (0012007)